No. 732

First Circuit

———

**COMPESI v. DE GRAW**

———

(January 26, 1931. Opinion and Decree.)

———

J. E. Kibbe, of Abbeville, attorney for plaintiff, appellee.

F. J. Samson and R. J. LaBauve, of Abbeville, attorneys for defendant, appellant.

ELLIOTT, J. In a collision between an automobile belonging to Piro Compesi, while being driven by his son, Joseph Compesi, and a car belonging to Frank DeGraw (spelled in the petition "De-Graaw"), while being driven by his employee, Clovis Romero, the automobile belonging to the plaintiff was badly damaged and some injury was also sustained by defendant's car. The plaintiff alleges that the collision was due to the fault and neglect of the driver of defendant's car.

The cost of repairing plaintiff's car was $205.40. He claims against defendant the cost of repairing, due to the collision, and the further sum of $312 for loss of value of his car, a total of $517.40.

The defendant for answer denies the fault and negligence alleged against the driver of his car, and alleges by way of reconvention that the collision was due to the fault and negligence of the driver of plaintiff's car. He prays that plaintiff's demand be rejected and for judgment in reconvention against the plaintiff for $50, the cost of repairing his car, and the further sum of $50 loss of its value, a total of $100.

The court rendered judgment in favor of the plaintiff as prayed for. No mention is made in the judgment of defendant's demand in reconvention, so it stands as rejected.

Defendant moved for a new trial on the ground that the judgment of the lower court was contrary to the law and the evidence. The new trial being refused, he has appealed.

The evidence is so conflicting that it is difficult to arrive at a satisfactory conclusion as to some of the important questions of fact in the case. The collision occurred on New Year's day, January 1, 1927, at about 3:30 p. m. in the town of Abbeville, at the intersection of Vermilion with North Bailey street. As it was broad daylight, the conflict in the testimony is all the more noticeable. Plaintiff's car was being driven westward on Vermilion street, while that of the defendant was being driven northward on North Bailey street, but it is not clear whether the collision took place in the center of the intersection or on the north or south side of it. It seems that just before the impact both cars swerved in an effort to avoid it, but they were so close together at the time, that the collision could not be avoided.

The town of Abbeville adopted a traffic ordinance, which was in effect at the time. The ordinance provides:

"That all streets running east and west are hereby declared thoroughfares and having the right of way. That all vehicles travelling running north and south, shall, when approaching the intersection of said streets with said thoroughfares, come to a dead stop before attempting to cross or enter upon any of said thoroughfares."

Vermilion street was a thoroughfare street, and therefore plaintiff's car on Vermilion street had the right-of-way over defendant's car on North Bailey street.

Joseph Compesi testifies that defendant's car struck him "on the left hind wheel, left side."

Two witnesses whose testimony was taken by commission, and which we take to be true, corroborate Joseph Compesi, that plaintiff's car was struck by another car, the impact being against the rear end of it.

Joseph Compesi testifies that he was driving at the rate of 12 or 15 miles an hour when he reached the North Bailey intersection, and that defendant's car, coming on North Bailey street, entered it at a speed which he estimated at from 30 to 35 miles an hour, without stopping or slowing down, and plaintiff contends that the failure of defendant's driver to obey the mandate of the ordinance cited, caused the collision.

The testimony of Joseph Compesi is supported by that of Mrs. Nunez.

The driver of defendant's car died before the trial, and we are therefore deprived of the benefit of his testimony.

The defense is supported by the testimony of Arthur Corner and Romauld Trimm, both of whom claim to have seen the accident and they say that defendant's driver did stop at the intersection and was there struck by plaintiff's car, being driven at a reckless speed. The effect of their testimony is, that the fault for the collision was entirely due to the driver of plaintiff's car.

The conflict between the testimony of Joseph Compesi and Mrs. Nunez on one side and that of the witnesses Corner and Trimm on the other, is such that if one side be believed the other cannot be. The testimony of the various witnesses and the facts and circumstances considered, does not justify us in concluding that the lower court made a mistake in holding in favor of the plaintiff.

The driver of plaintiff's car states in his testimony that he did not stop when he reached the intersection, and that he was almost past the corner when he was struck. That he was not looking ahead; that he was right at the corner, that he looked to the right and saw nobody coming, and that he looked to the left and saw defendant's car coming at the rate of about 35 miles an hour and distant at the time about 21 feet. That he did his best to avoid the accident, but could not.

We have considered whether, under the evidence, the driver of plaintiff's car although on a right-of-way street, could and should have seen defendant's car sooner and in time to have either stopped or swerved and in that way avoided it.

The evidence on the subject does not enable us to say that plaintiff's driver could or should have seen defendant's car any sooner than was done. And as plaintiff's car, under our theory of the case, was being driven at, say 12 or 15 miles an hour, as it came to the intersection, and defendant's car at, say 30 miles an hour, with the cars approaching each other at right angles and 21 feet apart, the distance of 21 feet was covered so quickly that there was no time to do more than was done.

It was the duty of the driver of defendant's car to obey the town ordinance and get his car so well in hand at the Vermilion street intersection that he might stop at once if it was necessary. Our conclusion is that he did not obey the ordinance and that his neglect and failure to do so was the direct cause of the collision.

We have come to the conclusion that the judgment appealed from should be affirmed. Judgment affirmed, defendant and appellant to pay the costs in both courts.